Weldon, J.,
delivered the opinion of the court:
In this proceeding, the claimant seeks to recover the pay of Prank A. Page deceased, as an officer on the retired list of the Army, whose name was stricken from the roll, on the 27th of May, 1874, in the execution of the sentence of a court-martial, which before that time, had found him guilty of the presentation of false and fraudulent claims, against the Government.
As the result of the execution of said sentence, the decedent has not received pay since said date, and this suit was brought to recover the retired pay of an officer of his grade, from said time, until the commencement of this case. It is insisted by the claimant, that the judgment of the court-martial is defective, because it does not affirmatively appear, from the allega *260 tions of the record, that the findings of the court, were submitted to, and approved by the President.
The same question was before this court in the case of Runkle v. The United States (19 C. Cls., 396), and on appeal, the Supreme Court held, that a record from which it could not be ascertained affirmatively, that the President had approved the findings of a court-martial, was not sufficient to justify the execution of the sentence (Runkle v. The United States, 122 U. S. R., 543).
It does appear in this case, that “ In conformity with the sixty-fifth of the Rules and Articles of War, the proceedings of the general court-martial in the foregoing case have beeu forwarded to the Secretary of War, and by him submitted to the President.” In that particular it is somewhat different from the allegations of the record in the Runkle case. In that case, it is stated, that “ the President is pleased to remit all of the sentence except so much thereof as directs cashiering,, which will be duly executed.”
It was insisted in the Runkle case, that such an allegation, in the findings of the court-martial, was sufficient to justify the inference, that the findings had beeu submitted to the -President, and approved by him, subject to the remission of all, except the cashiering. The Supreme Court said, in passing upou the legal effect of the record—
“But we are clearly of the opinion that it will not be sufficient unless it is authenticated in a way to show otherwise than argumentatively that it is the result of the judgment of the President himself, and that it is not a mere departmental order which might or might not have attracted his personal attention. The fact that the order was his own should not be left to inference only.”
While in this case, it does appear, that the record was submitted to the President, following the rule of construction in the Runkle case, it does not affirmatively appear, that the President approved the sentence “ to be dismissed the service of the United States.”
We do not find, a sufficient difference in substance, between the record in this case, and the record in the Runkle case, to justify a different result from that case, and therefore render a judgment for the claimant in the sum of $11¿572.75.
ííott, J., was absent from the city when the case was tried,, and took no part in the decision.